Willie Jasper DARDEN,
Petitioner-Appellant,
Cross-Respondent,

v.

Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, Respondent-Appellee, Cross-Petitioner.

No. 81–5590.

United States Court of Appeals,
Eleventh Circuit.

Aug. 27, 1985.

Robert Augustus Harper, Jr., and John Perry, Tallahassee, Fla., for petitioner-appellant, cross-respondent.

NAACP Legal Defense and Educational Fund, Inc., Geoffrey M. Kalmus, New York City, amicus curiae.

Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, Fla., for respondent-appellee, cross-petitioner.

ON PETITION FOR REHEARING DIRECTED TO THE EN BANC COURT

(Opinion filed July 23, 1985, 11th Cir., 767 F.2d 752.)

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HENDERSON,

ANDERSON and CLARK, Circuit Judges, and MORGAN, Senior Circuit Judge.[*]

PER CURIAM:

At the request of one of the members of the en banc court, the court has been polled on the petition for rehearing addressed to the en banc court. Less than a majority of the en banc court, and less than a majority of the judges in regular active service, have voted in favor of the petition. The petition for rehearing is, therefore, DENIED.

At 9:00 a.m. Tuesday, September 3, 1985, the mandate will issue and the stay of execution heretofore and presently in effect shall terminate.

CLARK, Circuit Judge, dissenting:

I dissent from the denial of petitioner's motion for rehearing en banc in this case. Using either the *Caldwell v. Mississippi*, — U.S. ——, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), or the *Brooks v. Kemp*, 762 F.2d 1383 (11th Cir.1985) (en banc), standard,[1] Darden is entitled to habeas corpus relief due to the prosecutor's closing argument at the guilt/innocence phase of his trial.[2]

No one, not even the State, as the district court noted, has ever asserted the arguments given by the prosecutors in this case were anything but improper. *Darden v. Wainwright*, 513 F.Supp. 947 (M.D.Fla. 1981). The magistrate in this case concluded: "I am convinced ... that the jury was prejudiced against Darden by the argu-

---

[*] Circuit Judge Joseph W. Hatchett, having recused himself, did not participate in this decision. Senior Circuit Judge Lewis R. Morgan elected to participate in this decision pursuant to 28 U.S.C.A. § 46(c).

1. As I noted in my dissent from the denial of rehearing in *Brooks*, the majority's use of the *Strickland v. Washington* [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] prejudice standard cannot be reconciled with the Supreme Court's utilization of the "no effect" test in *Caldwell*. *Brooks v. Kemp*, No. 83–8028 (July 23, 1985) (Clark, J. dissenting). Rehearing should be granted to clarify the discrepancy between the language of the en banc court in *Brooks* and that of the Supreme Court in *Cald-*

*well*. Using either, however, Darden is entitled to relief.

2. A review of the record clearly indicates that the prosecution made its sentencing argument at the guilt/innocence phase. Early in Mr. McDaniel's argument he stated:

I will guarantee you I will ask for death [at the penalty phase]. There is no question about it. The second part of the trial I will request that you impose the death penalty. I will ask you to advise the court to give him death. That's the only way I know that he is not going to get out in the public. It's the only way I know. It's the only way I can be sure of it.

ment." Under the new *Brooks* test, prejudice is the key element that a petitioner must demonstrate.

The most important factor in this case is the evidence the State presented against Darden. The evidence against Darden was far from overwhelming. Essentially, the State's case hinged on the identification of Darden by two eyewitnesses, the victim's wife and a young boy employed part-time by the victim. There was very little corroborating evidence. Darden at all times denied any involvement in the crime. Furthermore, as I argued in my dissent to the original panel opinion, the eyewitness identifications were conducted, at the very least, in a highly suspect manner. *Darden v. Wainwright,* 699 F.2d 1031 at 1040–41 (11th Cir.1983) (Clark, J., dissenting). The closing arguments in numerous improper instances emphasized the reliability of eyewitness identification testimony, the lack of credibility of Darden as well as his "animal" nature, and stressed that death was the only sentence that would protect the public.

Using the *Brooks* test, the strength of the evidence against the accused is a factor in determining whether the argument exceeded constitutional limits.[3] It would seem that the evidence here is weaker than in any of the four cases recently decided by the en banc court. The argument is as egregious as any. Thus, it would seem that the "but for" or prejudice test of *Brooks* has been satisfied in this case. Certainly it cannot be said that the argument had no effect on the sentencing decision. *See Caldwell, supra,* 105 S.Ct. at 2646. Therefore, I dissent.

KRAVITCH, Circuit Judge, dissenting:

Because Darden's prosecutorial misconduct claim has not been evaluated under

current legal standards (*Caldwell v. Mississippi,* —— U.S. ——, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); *Brooks v. Kemp,* 762 F.2d 1383 (11th Cir.1985) (*en banc* )), I dissent from the denial of rehearing.

---

**3.** In *Brooks,* the majority at one point stated: "an outcome based on weak evidence might be more likely to have been affected by errors than one based on a very strong case." 762 F.2d at 1385.

